UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BILLY S. WILLIAMS,

    Plaintiff,

vs.                                        Case No. 3:26-cv-38-MMH-PDB

DERRICK FARMER, FEVINA PARIS, and MELISSA FARMER MILLER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Plaintiff, who is proceeding pro se, initiated this action on January 8, 2026, by filing his Complaint and Request for Injunction (Doc. 1; Complaint). On the same day, Plaintiff also filed a Motion for Preliminary Injunction, Order Allowing for Investigation and Motion Suing Defendants for Tortious Interference of Legal Inheritance (Doc. 2; Motion). Although difficult to discern, Plaintiff's claims appear to be premised on his contention that he did not receive "a fair share" of his late father's estate (the Estate). See Complaint at 5; Motion at 2, 4, 5. In the Motion, Plaintiff requests entry of a preliminary injunction (1) prohibiting Defendants from transferring properties acquired through the Estate, (2) seizing and placing all vehicles acquired through the Estate in a local impound facility, (3) requiring

Defendants to disclose financial records, and (4) allowing an investigation into the handling of the Estate. See Motion at 1–2. Upon review, the Court is unable to determine whether the exercise of jurisdiction over this action would be proper and finds that the Motion is due to be denied.

## I.     Subject Matter Jurisdiction

Upon review of the Complaint, the Court is unable to determine whether the exercise of subject matter jurisdiction over this action would be proper. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, Plaintiff purports to invoke the Court's federal question jurisdiction by bringing a claim under 18 U.S.C. § 1031. See Complaint at 3. But 18 U.S.C. § 1031 is a criminal statute which provides no private right of action. See Murphy v. Kendrick, Case No.: 2:20-cv-263-MHT-WC, 2020 WL 5377294, at *3 (M.D. Ala. July 24, 2020) (collecting cases for the proposition that a plaintiff cannot maintain a civil claim based on a violation of a federal criminal statute absent some expression of Congressional intent otherwise) adopted by 2020 WL 5371348, at *1 (M.D. Ala. Sept. 8, 2020);[1] Clancy v. Fla. Dep't of Corrections, No. 6:18-cv-501-Orl-41KRS, 2018 WL 325573, at *2 (M.D. Fla. May 24, 2018) adopted by 2018 WL 3218901, at *1 (M.D. Fla. July 2, 2018); Johnson v. Regions Mortg., No. 1:11-CV-3743-WBH-CCH, 2012 WL 12897088, at *7 (N.D. Ga. Apr. 23, 2012) (finding that 18 U.S.C. § 472, as a criminal statute, does "not provide Plaintiffs with a private right of action") adopted by 2012 WL 12897976 (N.D. Ga. May 21, 2012); see also Chrysler Corp. v. Brown, 441 U.S. 281, 317 (1979) (explaining that the Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone'" (citation omitted)). Thus, Plaintiff cannot rely on this statute to

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

invoke federal question jurisdiction under 28 U.S.C. § 1331. See Razzi v. Nimler, No. 5:14-cv-447-Oc-22PRL, 2014 WL 5038337, at *3 (M.D. Fla. Oct. 8, 2014) (finding no federal jurisdiction where plaintiff attempted to state a claim premised on a federal criminal statute for which there is no private right of action); Echols v. Bank of Am., N.A., No. Civ.A. 2:04CV152-RWS, 2005 WL 563116, at *1 (N.D. Ga. Feb. 3, 2005) (finding no subject matter jurisdiction where plaintiff relied on federal statute for which there is no private cause of action).

Additionally, the Court is unable to determine whether it has diversity jurisdiction over this action. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a party must include allegations of the person's citizenship. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). While Plaintiff adequately alleges his own citizenship and the citizenship of one of the defendants, Plaintiff does not provide allegations establishing the citizenship of the other two defendants. See Complaint at 2–3. As a result, the Court cannot discern whether Plaintiff

is "diverse from all defendants." See Univ. of S. Ala., 168 F.3d at 412. Because the Court can discern no other basis for the exercise of subject matter jurisdiction over this action,[2] the Court will direct Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

## II.     Plaintiff's Request for a Preliminary Injunction

Plaintiff's Motion is due to be denied. Requests for preliminary injunctive relief must comply with Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)). Notably, under Local Rule 6.02, motions for preliminary injunction must comply with Local Rule 6.01(a) and (b). Local Rule 6.01(a) requires that such a motion include, among other things: "specific facts—supported by a verified complaint, an affidavit, or other evidence—

---

[2] The Court notes that, even if jurisdiction is otherwise satisfied, it appears that the probate exception may apply to deprive the Court of federal subject matter jurisdiction over this case which appears to challenge the validity of a will. See Michigan Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736, 739 (11th Cir. 1982) ("A challenge to the validity of a will is not within the jurisdiction of the federal courts under the probate exception."); Stuart v. Hatcher, 757 F. App'x 807, 809 (11th Cir. 2018) (explaining that the probate exception, although limited in scope, applies to cases "the resolution of which would require a federal court to (1) probate or annul a will . . . "); see also Grosz v. SunTrust Bank, Case No. 8:12-cv-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013) ("A challenge to the validity of a will either because of lack of testamentary capacity or undue influence—is not subject to federal diversity jurisdiction.").

The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

demonstrating an entitlement to relief," "a precise and verified description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," "a supporting legal memorandum," and "a proposed order." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Here, Plaintiff's Motion fails to comply with nearly all the applicable rules.[3] In the Motion, Plaintiff does not address his likelihood of success on the merits, the potential harm to Defendants, or the effect on the public interest. Indeed, Plaintiff does not include any memorandum of law or citation to legal authority supporting the relief he seeks.[4] He also fails to provide a proposed

---

[3] The Court's identification of certain deficiencies in the Motion is intended to cite only examples and should not be interpreted as determining whether all other requirements have been satisfied. Instead, Plaintiff is instructed to review Rule 65 and the Local Rules and assure that any future filing is in full compliance. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

[4] To secure a preliminary injunction, Plaintiff must establish that "(1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Am Civil Liberties Union of Fla. Inc. v. Miami-Dade County Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009) (en banc) (citation and quotation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205,

order. As such, the Court will deny Plaintiff's Motion without prejudice. Plaintiff may refile a motion for preliminary injunction – brought in compliance with all applicable rules – after Plaintiff has established a basis for the exercise of the Court's subject matter jurisdiction.[5]

Accordingly, it is

**ORDERED**:

1. Plaintiff, Billy S. Williams, is **DIRECTED** to **SHOW CAUSE** by a written response filed on or before **February 6, 2026**, why this action should not be dismissed for lack of subject matter jurisdiction.

---

1210 (11th Cir. 2003) (citation and quotation omitted).

[5] Plaintiff is encouraged to consider consulting with a legal aid organization that offers free legal services. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Plaintiff may contact the Clerk's office at (904) 549-1900, and the Clerk will provide his name and phone number to Jacksonville Area Legal Aid for a lawyer to call him.

2. Plaintiff's Motion for Preliminary Injunction, Order Allowing for Investigation and Motion Suing Defendants for Tortious Interference of Legal Inheritance (Doc. 2) is **DENIED without prejudice** to refiling a motion in compliance with the Rules and the Local Rules once Plaintiff has established a basis for federal subject matter jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of January, 2026.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Pro Se Party

- 8 -