**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BILLY S. WILLIAMS,

      Plaintiff,

vs.                                                     Case No.  3:26-cv-38-MMH-PDB

DERRICK FARMER, FEVINA
PARIS, and MELISSA FARMER
MILLER,

      Defendants.

_____/

**<u>ORDER</u>**

    **THIS CAUSE** is before the Court <u>sua sponte</u>. Plaintiff, proceeding <u>pro se</u>, initiated this action on January 8, 2026, by filing his Complaint and Request for Injunction (Doc. 1; Complaint). That same day, he filed his Motion for Preliminary Injunction, Order Allowing for Investigation and Motion Suing Defendants for Tortious Interference of Legal Inheritance (Doc. 2; Motion for Preliminary Injunction). Upon review of the Complaint, the Court was unable to determine whether the exercise of subject matter jurisdiction over this action would be proper. <u>See</u> Order (Doc. 3; Order to Show Cause), entered January 14, 2026, at 2. As such, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. <u>See</u> <u>id.</u> at 7. On February 5, 2026, Plaintiff filed a Motion to Voluntarily Withdraw Motion for

Preliminary Injunction, Order Allowing for Investigation and Motion Suing Defendants for Tortious Interference of Legal Inheritance (Doc. 4; Motion).[1] There, Plaintiff appears to acknowledge that Duval County Court is the appropriate forum for this action. See id. As such, the Court will dismiss this case without prejudice.

As the Court stated in the Order to Show Cause, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Order to Show Cause at 2. "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, the allegations in the Complaint fail to provide a basis for the Court's exercise of subject matter jurisdiction. Indeed, as the Court previously stated, Plaintiff cannot rely on a criminal statute to invoke the Court's federal question jurisdiction. See Order to Show Cause at 3–4 (collecting cases).

---

[1] On February 10, 2026, the Magistrate Judge granted Plaintiff's Motion. See Order (Doc. 5), entered February 10, 2026. Because the Motion also appears to be responsive to the Order to Show Cause, the Court considers it here.

Moreover, Plaintiff's allegations do not support the Court's exercise of diversity jurisdiction. <u>See generally</u> Complaint; Order to Show Cause at 4–5. The Court can discern no other basis for the exercise of subject matter jurisdiction over this action. And, notably, Plaintiff appears to concede that Duval County Court, not this Court, is the appropriate forum for this action. <u>See</u> Motion. As such, this action is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1. The Complaint and Request for Injunction (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of the Court is **directed** to terminate all pending motions and deadlines as moot, enter judgment, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of February, 2026.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Pro Se Party